BRYAN SCHRODER
United States Attorney

ADAM ALEXANDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: adam.alexander@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT WALLS ,<br><br>Defendant. | ) No. 3:18-cr-00076-SLG-DMS<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Indictment in this case: Count: 1 - Coercion and enticement, in violation of 18 U.S.C. § 2422(b). The United States agrees to dismiss Counts Two and Three of the Indictment. The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment, and recommend a sentence at the low end of the advisory guideline range as adopted by the court.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

//

//

//

//

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 2 of 23

## II.   CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A.   Charges

**1.   The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 1:   Coercion and enticement, a violation of 18 U.S.C. § 2422(b).

### B.   Elements

The elements of the charge in Count 1 to which the defendant is pleading guilty are as follows:

1.   The defendant used any means and facility of interstate of foreign commerce within the special maritime and territorial jurisdiction;

2.   to knowingly induce, entice, and coerce a juvenile who he knew had not attained the age of 18 years;

3.   to engage in any sexual activity for which any person can be charged with a criminal offense, to wit Sexual Exploitation of a Child, Production of Child Pornography in violation of 18 U.S.C. 2251(a) and (e) and Sexual abuse of a minor in the second degree in violation of Alaska Statute 11.41.436(a)(1).

### C.   Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon

Case 3:18-cr-00076-SLG   Document 29   Filed 03/22/19   Page 3 of 23

(but is not limited to) this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

At the time of his arrest in this matter on July 17, 2018, the defendant was enlisted in the United States Army, and was stationed at Joint Base Elmendorf-Richardson (JBER) in Anchorage, Alaska. While stationed at JBER and residing in base housing in the winter of 2017 through early spring of 2018, within the territorial jurisdiction of the United States, the defendant used various instrumentalities of interstate commerce such as the social media applications Instagram and Snapchat (using the aliases KING WALLS and BRICK WALLS respectively) to meet, groom, and entice female children between the ages of 14 and 16 for the purpose of engaging in sexual activity, including the production of child pornography images and videos depicting minors he enticed, knowing their age, to engage in sexually explicit conduct as defined by 18 U.S.C. § 2256, including sexual intercourse and the lascivious display of the genitals. One of those victims was identified as Juvenile A in the indictment. The defendant also engaged in similar activity with two other children, described below as Juveniles "B" and "C" respectively. At the time of the offense conduct, the defendant was 26 years of age.

### 1. Juvenile C

In January 2018, the Crimes Against Children Unit (CACU) of the Anchorage Police Department (APD) received a report from Juvenile C's father that his fourteen year-old child – Juvenile C – had been a runaway in December of 2017, and alleged that during that time she had a sexual relationship with the defendant. APD CACU

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 4 of 23

Detectives interviewed Juvenile C, who stated that she had met the defendant through a mutual friend, and believed him to be "turning 18" years of age. Juvenile "C" described talking with the defendant for four hours on the phone prior to beginning what she believed to be a consensual sexual relationship with him. Juvenile "C" told detectives that the defendant knew that she was 14 years old before having sexual intercourse with her during the period in December of 2017 when she was a runaway. Juvenile "C" did not allege that the defendant produced any recorded video or images depicting their sexual intercourse.

## 2. Juvenile B

During the APD investigation of the defendant's exploitation of Juvenile "C," detectives learned that there was another victim of the defendant, identified as 15 year-old Juvenile "B". Detectives interviewed Juvenile "B", who disclosed that she met and communicated with the defendant on Snapchat in September of 2017, when she was 14 years old. In those communications the defendant had lied about his age and, as with Juvenile "C", claimed to be 18 years old.

Juvenile "B" disclosed that the defendant had smuggled her onto base facilities for the purpose of engaging in sexually explicit conduct, including sexual intercourse, in his base housing. Juvenile "B" described how on more than one occasion the defendant hid her in the rear footwell of his vehicle, and pile his military "stuff" over her to hide her as he drove on post. Juvenile "B" further described how the defendant would smuggle her through his first-floor bedroom window in order to avoid detection at the front door, and

that they would subsequently engage in sexual intercourse in his barracks suite. Juvenile "B" also described the defendant engaging in grooming behavior, such as purchasing her underclothing.

At some point Juvenile "B" learned that the defendant had not only lied to her about his age, but also learned about his relationship with Juvenile "C" and that he had potentially exposed Juvenile "C" to a sexually transmitted infection (STI). Detectives later learned that the defendant had tested positive for the same STI that Juvenile "C" had been exposed to in the same time period.

In February of 2018, after the disclosures of Juvenile "C" and "B," APD CACU detectives executed search warrants related to the defendant on JBER in conjunction with military investigators. The defendant was interviewed and admitted that he had met Juveniles "B" and "C through Instagram or Snapchat, and that he had "hung out" with both, but denied sexual intercourse or knowing their actual age. The defendant was not arrested at that time, but investigators seized a number of items pursuant to the warrant, including the defendant's vehicle, and a military identification instrument belonging to another individual with a similar appearance. Investigators also interviewed service members who knew the defendant, one of which advised that he or she had seen the defendant with "underage" girls "countless" times on base.

### 3.    Juvenile A

In June of 2018, APD detectives learned of yet another victim of the defendant, Juvenile "A" as charged in the Indictment. Juvenile "A" was interviewed and disclosed

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS            Page 6 of 23

that the defendant had "added" her on Instagram and Snapchat in October or November of 2017, and that he had communicated with her using both of those platforms. Just as with Juveniles "C" and "B", the defendant lied to Juvenile "A" about his age, claiming to be 19. Juvenile "A" was 16 years old at the time, and advised the defendant of her true age in November 2017. Investigators later confirmed that the defendant (using the alias "kingwalls_07") had the following exchange using Instagram messaging in September 2017:

Kingwalls_07 asks how old she is and if she is 18.

Juvenile "A" answers "Nooo lol I'm almost 17"

Juvenile "A" tells the defendant he looks like he is about 20, and his reply is "Lol okay & yea 19 lol"

Juvenile "A" described that the defendant texted her that he was "horny" and asked if she wanted to play a game involving the distributing of intimate images. The defendant sent Juvenile "A" images of his face, body, and erect penis, and solicited child pornography images from Juvenile "A", including lascivious depictions of her genitalia.

Juvenile "A" disclosed further that they began having sexual intercourse in December of 2017, and that the defendant had "snuck" her onto the base and into his housing for the purposes of engaging in sexual intercourse on approximately five occasions over the following several months. The defendant told Juvenile "A" that he had an "open case" and that his car had been seized.

Investigators later served a search warrant on the Snapchat account belonging to the defendant. A review of that account revealed video depictions of intercourse between the defendant and Juvenile "A" in his barracks residence consistent with Juvenile "A"'s disclosure. That search also reviewed several additional potential victims whose identity has not yet been established.

## D. Statutory Penalties and Other Matters Affecting Sentence

### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 2422(b) (Coercion and enticement)

1) Mandatory minimum 10 years' incarceration, maximum life imprisonment;

2) Maximum $250,000 fine;

3) Minimum five years of supervised release, maximum life; and

4) $100 special assessment.

### 2. Other Matters Affecting Sentence

#### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2)

pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of

Case 3:18-cr-00076-SLG   Document 29   Filed 03/22/19   Page 9 of 23

the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The parties have no agreement on restitution. However, the defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the Indictment.

### F. Forfeiture

The defendant admits the forfeiture allegation(s) of the Indictment in their entirety, including any substitute asset and money judgment provisions, and that the defendant's interest, if any, in the following property is subject to forfeiture to the United States: i.e. property constituting proceeds of the offense(s) of conviction, property facilitating the offense(s) of conviction, or property involved in the offense(s) of conviction:

The defendant agrees not to file a claim or withdraw any claim already filed to any of the above referenced property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. This agreement does not affect

or limit the government's ability to initiate or complete any administrative or civil forfeiture action. It does not affect any forfeiture action already completed.

The defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above referenced property to the United States.

### G.     Sex Registration / DNA Testing

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 11 of 23

the state sex offender registration in Alaska, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties agree that the following Specific Offense Characteristics apply:

- §2A3.1(b)(2)(B) (a victim between 12 and 16)
- §2A3.1(b)(6)(A) (knowing misrepresentation of the defendant's identity) and

    (B) (use of a computer or interactive computer service)

### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in

U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to

recommend the defendant for a two level downward adjustment for acceptance of

responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level

adjustment for acceptance of responsibility. If, at any time prior to imposition of the

sentence, the United States concludes that the defendant has failed to fully satisfy the

criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance

of responsibility, the United States will not make or, if already made, will withdraw this

recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence

report in which it will include a recommended calculation of the defendant's sentence

range under the U.S.S.G. Both the United States and the defendant will have the

opportunity to argue in support of or in opposition to the guideline sentence range

calculation the U.S.P.O. recommends, as well as present evidence in support of their

respective sentencing arguments.

The United States agrees to recommend a sentence at the low end of the advisory

guideline range as adopted by the court. The parties are free to recommend to the Court

their respective positions on the appropriate sentence to be imposed in this case based on

the stipulated facts set forth in Section II.C, any additional facts established at the

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 13 of 23

imposition of sentence hearing, the applicable statutory penalty sections, the advisory

U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553. The United States

agrees not to seek a sentence greater than the bottom of the applicable guideline range as

determined by the Court.

### D. Conditions of Supervised Release

The parties agree that the following Special Conditions of supervised release listed

below, in addition to any other Standard and Special Conditions, which the Court deems

appropriate, shall be applied in this case:

#### 1. Pornography Prohibition

The defendant shall not possess any obscene material, child pornography, child

erotica, or nude images of minors. Any such material found in the defendant's possession

shall be considered contraband and may be confiscated by the probation officer.

#### 2. Sexual Disorders Treatment

The defendant shall participate in a program of treatment for sexual disorders,

including periodic polygraph examinations, as directed by the probation officer. The

Court authorizes the release of the presentence report and available psychological

evaluations to the mental health provider, as approved by the probation officer.

#### 3. No Unsupervised Contact with Minors

The defendant shall not have any unsupervised contact with any minor child,

unless the contact has been disclosed to and approved by the probation officer. In

determining whether to approve such contacts involving members of the defendant's

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 14 of 23

family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

### 4. Consent to Searches

The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and Internet enabled devices, whenever the probation officer had a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants the premises may be subject to searches.

### 5. Computer Monitoring

The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s), cellular telephones, electronic devices, and any hardware or software, systems to monitor his use of these items. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s), phones and electronic devices. To promote the effectiveness of this monitoring, the defendant shall disclose in advance of

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 15 of 23

its use all cellular phones, electronic devices, computers, and any hardware to the Probation Officer and may not access or use any undisclosed equipment.

### 6. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve an additional period of imprisonment. The defendant also understands that if he commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) and (k) without regard to the exceptions contained therein.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 16 of 23

and false statements. The defendant hereby agrees that he/she waives any defense that

the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial –

Case 3:18-cr-00076-SLG   Document 29   Filed 03/22/19   Page 17 of 23

the defendant is not waiving the right to have counsel continue to
represent the defendant during the sentencing phase of this case;

– The right to confront and cross examine witnesses against the
defendant, and the right to subpoena witnesses to appear in the
defendant's behalf;

– The right to remain silent at trial, with such silence not to be used
against the defendant, and the right to testify in the defendant's own
behalf; and

– The right to contest the validity of any searches conducted on the
defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry
of guilty plea to the charges set forth in this agreement. The defendant further agrees that
if the Court imposes a sentence that does not exceed the statutory maximum penalties –
as set forth in Section II.D above in this agreement, the defendant waives without
exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence
the Court imposes. The defendant understands that this waiver includes, but is not
limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or
supervised release, any fines or restitution, and any and all constitutional (or legal)
challenges to defendant's conviction(s) and guilty plea[s], including arguments that the
statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 18 of 23

claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

By waiving these rights, the defendant understands that the conviction(s) and sentence the Court imposes will be final. No other court will conduct appellate review of the conviction(s) or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

## C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 19 of 23

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea. This provision applies regardless of whether the court accepts this plea agreement.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Robert Walls , the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 20 of 23

United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I

understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 - Coercion and enticement, in violation of 18 U.S.C. § 2422(b) of the Indictment and admit the forfeiture allegation of the Indictment in their entirety.

DATED: 20 Mar 19                _Robert Walls_

                                               ROBERT WALLS
                                               Defendant

Case 3:18-cr-00076-SLG   Document 29   Filed 03/22/19   Page 22 of 23

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 3/20/19

_____
JAMIE MCGRADY
Attorney for Robert Walls

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 3/22/19

_____
BRYAN SCHRODER
United States of America
United States Attorney

U.S. v. Robert Walls
3:18-cr-00076-SLG-DMS          Page 23 of 23

Case 3:18-cr-00076-SLG   Document 29   Filed 03/22/19   Page 23 of 23